JONATHAN TRUMBULL, TRUSTEE, *vs.* GILBERT L. HEW-
ITT AND WIFE.

New London Co., Oct. T., 1892. ANDREWS, C. J., CARPENTER, TOR-
RANCE, F. B. HALL and THAYER, JS.

*H* procured from an estate in settlement a piece of real estate mortgaged
for $10,000, upon his agreement to assume the mortgage debt and re-
lieve the estate from liability for it, he regarding the property as worth
more than the debt. He was at the time insolvent and for the purpose
of keeping the property from his creditors he had the conveyance
made to his wife, who took it in ignorance of his insolvent condition and
fraudulent intent. *H* procured a quitclaim deed from the mortgagee
to his wife, and with her executed a note and mortgage of $10,000 to
the mortgagee. *H* soon after went into insolvency. In a suit brought
by the trustee in insolvency to recover the real estate from the wife, it
was held—
1. That the conveyance made to the wife on the husband's procurement
   was the same as if made by him to her.
2. That as she was an innocent grantee the property would have been pro-
   tected in her hands against his creditors if there had been a substantial
   consideration proceeding from her for the conveyance.
3. But that, as the note given by her with him was not on account of any
   separate estate, or for the benefit of herself, her family of her estate,
   it was not binding on her, and therefore could not be a consideration
   for the conveyance of the land to her.
4. That as the conveyance thus became a voluntary one, the land was open
   in her hands to attachment by his creditors.

[Argued October 18th, 1892—decided January 16th, 1893.]

SUIT, by a trustee in insolvency, to recover certain real
estate claimed to have been fraudulently conveyed by the
insolvent to his wife; brought to the Superior Court in
New London County, and heard before *Fenn, J.* Facts
found and judgment rendered for the plaintiff, and appeal
by the defendants.

*S. Lucas* and *W. H. Jennings, Jr.,* for the appellants.

1. The court below found that Mrs. Hewitt had no knowl-
edge of her husband's insolvency or of her intention to place
the property beyond the reach of his creditors. No fraud

being found on her part, none will be presumed. Fraud must be proved and will not be inferred. *Dwight* v. *Brown,* 9 Conn., 91; *Weeden* v. *Hawes,* 10 id., 54. Even if the rule was otherwise, none could be inferred in this case, for the record does not disclose any act on her part which is not indicative of good faith and honest dealing. It further appears that she had no knowledge of her husband's insolvency at the time of the transaction in question, nor is she found to have knowledge of any fact that ought to have put her on inquiry. This transaction was entered' into and completed by her in entire good faith, without any intention to defraud any one and without the knowledge of any facts that should have aroused suspicion. Under these circumstances she secured the property in her own name, and gave her note for the full amount of its market value and more than its former owners for a year and a half had been able to sell it for; and the question before this court is—can her property, thus obtained, be taken from her and appropriated by others to their own use? We say that this would be inequitable and unjust.

2. Mr. Hewitt paid nothing towards the property. He never had any legal or equitable claim to it. He never had a farthing's interest in it. This transaction on her part did not take anything from any fund that belonged to his creditors and was not prejudicial to them.

3. The finding states that "the conveyance on her part was entirely voluntary, except as to the note hereinafter stated." This is equivalent to. finding that the conveyance on her part was not voluntary if the note she gave was a valid obligation. This note was binding upon her and her estate, and therefore she was a purchaser for a valuable consideration, and hence the conveyance was not voluntary. Gen. Statutes, § 984; *Wells* v. *Thorman,* 37 Conn., 319; *Craft* v. *Rolland,* id., 497; *Buckingham* v. *Moss,* 40 id., 462; *Donovan's Appeal from Probate,* 41 id., 557; *Williams* v. *King,* 43 id., 572; *Adams* v. *Charter,* 46 id., 551; *Hart* v. *Goldsmith,* 51 id., 480. She having purchased this property by giving a valid obligation, it is the same as if she had paid

the money for it. We submit therefore that Mrs. Hewitt was a *bonâ fide* purchaser of the property for a full, good and valuable consideration, and as such is entitled to it, and that it is not liable to be taken for her husband's debts.

*J. Halsey* and *D. G. Perkins*, for the appellee.

TORRANCE, J. Gilbert L. Hewitt, one of the defendants, and Charles J. Setchel, were co-partners in business under the name of Hewitt & Setchel from 1883 until August 29th, 1890, when, as such co-partners and individually, they made an assignment of all their property, under the insolvent laws of this state, to the plaintiff as trustee.

This suit is brought to recover certain real estate which it is alleged Hewitt conveyed to his wife, the other defendant, voluntarily and in fraud of his creditors. The property in question is required for the payment of the debts of Hewitt and of the copartnership existing at the time of the conveyance. The general question in the case is, whether, upon the facts found the conveyance is void as against the creditors of Hewitt.

The plaintiff as trustee stands in the place of such creditors. *Shipman* v. *Ætna Ins. Co.,* 29 Conn., 245.

The real estate conveyed to the wife belonged, at the time of its conveyance, to the estate of Dennison P. Coon, deceased, subject to a mortgage to a bank for ten thousand dollars. For about eighteen months prior to this conveyance the administrators of the estate had been trying to dispose of the equity, but had been unable to do so even for the amount of the mortgage. On or about October 30th, 1888, Hewitt, believing the property to be valuable over and above the mortgage, negotiated for and bought it from the administrators, together with the rents then due and the unexpired insurance, in consideration that he would take up the mortgage and relieve the estate from liability upon the mortgage note. The property had then a substantial value over and above the mortgage and has since appreciated in value.

Hewitt procured the deed of the property to be made in the name of his wife, and the deed so made was delivered to him and by him lodged for record. He did this "for the purpose of placing and keeping it beyond the reach of his creditors," knowing that he and his firm were insolvent and heavily indebted.

He and the firm continued thereafter to the date of the assignment insolvent and heavily indebted. It is found however that his wife "did not know at the time, or until afterwards and a few days before the assignment, of the insolvent condition of her husband," and in substance that she was an innocent grantee.

The record thus far discloses a conveyance of the property of a grantor who was insolvent and heavily indebted, made by him expressly to defraud his creditors, to a grantee innocent of the intended fraud and ignorant of the grantor's financial embarrassment. As against such a grantee, the conveyance, if for a substantial consideration, cannot be regarded as voidable by the creditors of the grantor. *Partelo* v. *Harris*, 26 Conn., 480; *Hamilton* v. *Staples*, 34 id., 316; *Knower* v. *Cadden Clothing Co.*, 57 id., 202.

The more specific question then is, whether this conveyance was a voluntary conveyance within the meaning of the law? A voluntary conveyance is one made without any substantial consideration. *Washband* v. *Washband*, 27 Conn., 424. Such a conveyance made by a grantor in Hewitt's situation is void against creditors, even though not expressly made to defraud them. *Salmon* v. *Bennett*, 1 Conn., 525; *Whittlesey* v. *McMahon*, 10 id., 137; *Redfield* v. *Buck*, 35 id., 328; *Paulk* v. *Cooke*, 39 id., 566.

Upon this point the record is as follows:—"No consideration passed from Emma L. Hewitt for said conveyance, and the same was entirely voluntary on her part except as to the note hereinafter stated." The record then states that the mortgage upon the property conveyed to the wife was taken up by a quitclaim deed to her from the bank and a new mortgage for the same amount upon the same property was given by the defendants to the bank to secure their

joint and several note to the bank. In other words, the bank gave up the Coon note and mortgage and took as a. substitute therefor the joint and several note of the defendants for ten thousand dollars, secured by a mortgage, of the land in question executed by the defendants. It is also found that the wife has never expended or paid from her own estate any money or property on account of the purchase or maintenance of said real estate; nor has Hewitt; but he has collected and received the rents and profits, paid therefrom all taxes, repairs and insurance, and used the surplus for family living expenses. The defendants inter-married in this state in 1873 and have ever since resided here.

Before passing to the question whether the conveyance was a voluntary one, it will be well to notice two claims, made by the defendants. The first is that Hewitt never had any interest in this property conveyed to his wife, either legal or equitable.

The finding conclusively settles this question against the defendants. The fact that the mere legal title never vested in the defendant Hewitt, can make no difference in a case like this. *Whittlesey* v. *McMahon*, 10 Conn., 137; *Hitchcock* v. *Kiely*, 41 id., 611. It is said that he paid nothing for this property, and from this it is argued that the conveyance to his wife really took nothing from his estate and so did not prejudice his creditors.

Even if we admit the premises, the conclusion does not follow. If Hewitt had obtained the property by will, by inheritance or by gift, it would hardly be contended that a voluntary or fraudulent conveyance of it would not prejudice his creditors. Hewitt, however, did give the consideration agreed upon by taking up the Coon note with the new note, and so increased his own liability, and to that extent in effect diminished his estate. The fact that his wife joined with him in the new note, though it may add to the security of the bank, does not lessen the liability of Hewitt.

We come now to the question whether the conveyance to the wife was a voluntary conveyance within the meaning of the law. Whether any consideration for the conveyance

passed from the wife to the husband, and if so, what it was, and whether it was a substantial consideration, are primarily questions of fact. The only consideration claimed or that can be claimed by the defendants on this record, is the signature of the wife to the new note to the bank. If that was not the consideration then there was none.

It is not expressly found that this was in fact, or was intended to be, the consideration for the conveyance; and the bare fact found that she joined in the new note and mortgage is by no means a finding that this was done as the consideration for the deed. The strong implication from the finding is that the wife knew nothing about the conveyance until after the deed was lodged for record.

The defendants, however, claim that the import of the finding is that there was no consideration for the conveyance to the wife except the signature to the new note, and that this carries with it the necessary implication that such signature was the consideration for such conveyance. The record is perhaps susceptible of this interpretation, but we are inclined to think it is not the true one.

Taking the record as a whole, both what it says and what it is significantly silent about, we think it is fairly susceptible of a different interpretation. The court finds expressly that no consideration for the conveyance passed from the wife to the husband; then it adds "and the same was entirely voluntary on her part except as to the note hereinafter stated." We are inclined to think the true import of this part of the finding is that no consideration passed from the wife to the husband for the conveyance, and that she was and is as to the property conveyed a mere volunteer, except that since the conveyance she has changed her position to the extent of signing the new note and mortgage. But if we are wrong in this, and the record is to be regarded as finding that the signature of the wife was in fact and was intended to be the consideration for the conveyance, it will avail the defendants nothing unless it further appears that the wife was bound by her signature, and if she was, that such consideration was a substantial and adequate consider-

ation. The defendants say that the new note was binding upon her and her estate, and impliedly concede, as they must if it was not, that there was no consideration. The husband had agreed with the administrators of the Coon estate to relieve it from liability on the original mortgage note. Such relief was the price he paid for the property. It was his duty therefore to take up the original note and substitute some other acceptable to the bank. He in effect assumed the debt due from the Coon estate with the assent of the bank, and substituted his note with his wife as joint and several maker for the debt, and secured the note by a new mortgage on the property which he had purchased. The new note was therefore primarily the obligation of the husband given for a debt of the husband. The wife in signing it was, as to him certainly, a mere surety. It does not appear that she held any estate to her sole and separate use; nor that the bank in allowing the new note and mortgage to be substituted for the old, relied upon her personal credit; nor that the note was signed by her on account of any benefit to herself, her family or her joint or separate estate.

We think the record clearly shows that the wife, in signing the note, incurred no personal responsibility, and that the bank, as to her, can only look to the land. *National Bank of New England* v. *Smith*, 43 Conn., 327; *Smith* v. *Williams*, id., 409; *Conn. Humane Society's Appeal from Probate*, 61 id., 465.

If therefore the record shows, as the defendants claim, that the signing of the new note by the wife was in fact the consideration for the conveyance to her, it avails them nothing as against this plaintiff. The claimed consideration is in law no consideration, for by it, upon the facts found, the wife incurred no personal responsibility or liability of any kind. And if by any possibility her signature to the note could be regarded as a consideration in law, it nowhere appears or is found that it was a substantial or adequate consideration. For aught that appears her husband obtained nothing and gained nothing on account of her signature.

It does not appear that the bank requested her to sign, or refused to accept the husband's note without her signature. It does appear that the husband was and remained liable to the full extent of the note, just as if she had not signed it. The court below has not found as a fact that such signature, if regarded as a consideration at all, had or had not any substantial or adequate value, and upon the facts found it does not appear to have any.

"It is the established policy of our law to hold a man's property subject to the payment of his just debts, and to regard every conveyance prejudicial to creditors not founded on adequate consideration as fraudulent." *Paulk* v. *Cooke,* 39 Conn., 566.

It thus, we think, clearly appears from the record that the wife paid nothing to the husband for the property conveyed to her; that she has expended nothing upon the property; that she has incurred no personal responsibility for her husband or on account of the property; and that on account of her husband or of the conveyance to her she has not changed her position in any respect whatsoever for the worse. As to this property and as against her husband's creditors, she is thus shown to be a mere volunteer. If she keeps it she is the gainer by precisely the amount of their loss; if it is taken from her she loses nothing except the value of the thing given.

For these reasons we think there is no error apparent upon the record.

In this opinion the other judges concurred.