JOSEPH M. FISHEL ET AL. *vs.* GIOVANI MOTTA ET UX.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A plaintiff who avers that a deed was fraudulent and void as against him, assumes, under a general denial, the burden of proving such allegation.

Mere proof that the parties to the deed were husband and wife, and that it was made by the husband when he owed $150 to the plaintiff, which is still unpaid, does not necessarily and as matter of law establish fraud either actual or constructive. The wife may have given value for the land, or the husband may have had large means and been but slightly indebted.

While the relation of husband and wife affords special opportunity for fraudulent transfers of property, and requires that deeds between them should be subject to rigorous scrutiny, yet there is no presumption of law in this State that such deeds are without consideration.

Argued October 9th—decided December 18th, 1903.

ACTION to foreclose a judgment lien, brought to the Court of Common Pleas in Hartford County and tried to the court, *Coats, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs. *No error.*

*Thomas G. Vail,* for the appellants (plaintiffs).

*Joseph P. Tuttle,* for the appellees (defendants).

TORRANCE, C. J.   In January, 1901, the plaintiffs brought a suit against the defendant Motta, in which they attached whatever interest he then had in the land covered by the judgment lien sought to be foreclosed in the present suit. Subsequently, in April, 1901, they obtained judgment against him in the attachment suit, and upon that judgment filed the lien here in question. When the attachment was made, however, the record title to the land attached stood in the name of Motta's wife.

The complaint in this case, after alleging that the plaintiffs

had thus obtained judgment against Motta in the attachment suit, and had acquired a judgment lien upon the land attached, alleged in paragraph five that Motta, prior to the attachment, had conveyed his interest in the attached land to Ross, who on the same day conveyed his interest therein to Motta's wife, and that "said conveyances were without consideration and done with intent to avoid the debt owing to the plaintiffs." Paragraph five of the complaint was denied in the answer, and whether said conveyances were without consideration, or were made to avoid the debt of the plaintiffs, were really the only contested facts in the case. Upon the facts found the trial court held that these contested facts were not proved, and therefore not true; and the question upon this appeal is whether it erred in so holding.

The controlling facts are these: In March, 1900, Motta owned an interest in fee in the land in question, and on that day conveyed it to his wife, through Ross, as alleged in the complaint. " Ross gave nothing and received nothing on account of said deeds, except such title and interest as was conveyed to him by the husband and immediately reconveyed by him to the wife." The sole purpose of said conveyances was to convey all the interest of Motta to his wife, and it was so understood and intended by all parties thereto. At the time said conveyances were made Motta was indebted to the plaintiffs in the sum of $151, and between that time and June 26th, 1900, became further indebted to them in the sum of a little over $60. Said indebtedness remains wholly unpaid. " No other evidence, except such as should be inferred from the foregoing facts, was offered in support of the allegations of paragraph five of the complaint."

If the conveyance to the wife was, to her knowledge, made to avoid the payment of the plaintiffs' debt, it was void as to them. *Hawes* v. *Mooney*, 39 Conn. 37; *Bassett* v. *McKenna*, 52 id. 437. If made without any such purpose, but without consideration, and when the husband was considerably indebted and insolvent, it was void as to the plaintiffs. *Redfield* v. *Buck*, 35 Conn. 328; *Paulk* v. *Cooke*, 39 id. 566;

*Quinnipiac Brewing Co.* v. *Fitzgibbons,* 71 id. 80. In the former case it would be void for actual fraud, participated in by the wife; and in the latter for what is called, for want of a better name, constructive fraud. Such conveyances are regarded as valid between the immediate parties to them, but void as to creditors; consequently a creditor may for certain purposes, if necessary, treat the land so conveyed as if no conveyance had been made. 1 Swift's Digest, 282.

The complaint in this case alleged that the title to the land, when it was attached, stood in the name of the wife by reason of a conveyance from the husband, and then alleged that such conveyance by reason of fraud was void as to the plaintiffs. The allegations of fraud were thus made an essential part of the plaintiffs' case. They asserted that certain facts existed which made the conveyance to the wife void as to them. The defendants denied that any such facts existed. The general and elementary rule is that as between two such parties the burden of proof rests upon him who asserts the existence of the facts, and not upon him who denies their existence. The former, and not the latter, must finally satisfy the trier of the truth of the facts asserted. Under this rule, and upon the pleadings in this case, it was the duty of the plaintiffs to satisfy the trier that the facts alleged as to fraud existed. If they failed to sustain this burden the court was justified in finding that the facts alleged to exist did not exist. Upon the facts found, and all the legitimate inferences to be drawn therefrom, the court was not satisfied that the plaintiffs had sustained the burden of proof. The plaintiffs now say, in effect, that the trier ought to have been satisfied, and committed an error of law in not being satisfied, that fraud had been proved.

There is nothing in the record to justify such a claim. No evidence apparently was offered, and no facts are found, warranting the conclusion that fraud, either actual or constructive, existed. There was no proof of actual fraud, and no proof of constructive fraud save the fact that the parties to the deed were husband and wife, and that it was made while the husband owed a debt to the plaintiffs which he

has not yet paid. We cannot say, as matter of law, that the court erred in not holding the conveyance to have been constructively fraudulent upon these meagre facts alone. It was not proved that the conveyance, so far as the wife was concerned, was without consideration; nor that the husband, when it was made, was considerably indebted in proportion to his remaining means of payment, nor that he was insolvent and unable to pay his debts.

The plaintiffs claim that in conveyances between husband and wife, as here, there is, in the absence of evidence to the contrary, a legal presumption of want of consideration; and that upon the facts in this case, under such a rule of presumption, want of consideration was proved. Such a rule makes the mere relation of husband and wife in such cases, as matter of law, in the absence of any evidence to the contrary, *prima facie* proof of want of consideration.

That the relation of husband and wife gives special opportunities for fraudulent transfers of property, and that conveyances between them "should be subjected to a rigorous scrutiny," are considerations to be addressed to the trier in passing upon the question of want of consideration. *Gilligan* v. *Lord*, 51 Conn. 562, 567 ; *Norwalk* v. *Ireland*, 68 id. 1 ; *Throckmorton* v. *Chapman*, 65 id. 441. Any presumption of want of consideration in such cases is one of fact having simply the force of an argument. " The difference between a presumption of fact and one of law, as these terms are commonly used, is that the former may be, the latter must be, regarded by the trier." *Ward* v. *Metropolitan Life Ins. Co.*, 66 Conn. 227, 239. We are not aware of the existence in the law of this State of any such legal presumption as the plaintiffs claim.

There is no error.

In this opinion the other judges concurred.