FRANK PEPE vs. JULIUS SANTORO ET AL.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Fraudulent conveyances are void as against creditors, both at common law and under § 6132 of the General Statutes.

The conclusion of the trial court that certain conveyances from the defendant husband to his wife were fraudulent and should be set aside as to the plaintiff, was supported by the subordinate findings to the effect that they were made without consideration and that their purpose and effect were to render the husband insolvent and unable to fufil his existing obligations to the plaintiff.

The complaint alleged that the defendants made the conveyances in November, 1921, for the purpose of defeating the plaintiff's claim for goods sold and delivered to the husband from October, 1921, to February, 1922. *Held* that in view of the allegations of the complaint a statement of the plaintiff's entire claim was admissible, as was evidence of the husband's financial condition in September, 1922, under the rule in this State that fraudulent conveyances may be impeached by subsequent as well as existing creditors where there is an unbroken continuation of the debtor's insolvency.

Argued November 7th, 1924—decided January 13th, 1925.

ACTION to recover the value of goods sold and delivered, and to set aside certain alleged fraudulent conveyances, brought to and tried by the Superior Court in New Haven County, *Nickerson, J.;* facts found and judgment rendered for the plaintiff for $745, and that the conveyances be set aside as to the plaintiff, and appeal by the defendants. *No error.*

Upon the trial the following facts were found: The plaintiff is a wholesale dealer in groceries and produce in Waterbury, and the defendant Julius Santoro, while engaged in a retail grocery business in Waterbury, from time to time purchased large quantities of merchandise from the plaintiff. At one time the defendant Julius Santoro owned the first piece of real estate described in

paragraph two of the first count of the complaint, but in 1908 he voluntarily conveyed this real estate to his wife, a defendant in this action, without consideration therefor. On the 15th day of November, 1921, the defendant Julius Santoro was the owner of an undivided one-half interest in the second piece of real estate described in paragraph two of the first count of the complaint, and the owner of the third piece of real estate described therein. On November 15th, 1921, the defendant Julius Santoro conveyed to his wife, the defendant Lucia Capolupo Santoro, by two deeds, all of the three pieces of real estate, as described and set forth in the complaint, in each deed describing his wife, the grantee, by her maiden name. These conveyances were without consideration, and made with the intention to cheat and defraud the plaintiff and other creditors of the defendant Julius, to whom he was then indebted, his debt to the plaintiff at that time being $570.14. Prior to making these conveyances the defendant Julius owned more than sufficient property to pay the plaintiff and his other creditors in full, but by making these conveyances he left himself only a small amount of personal property of little value and wholly insufficient to meet his then existing obligations, and by these acts he rendered himself insolvent and continued to be insolvent at all times thereafter.

Following these conveyances both defendants repeatedly stated to the plaintiff or his agent and to other creditors of Julius Santoro, that he was the owner of all of the real estate, with the intention of procuring further credit, and the plaintiff thereafter sold merchandise and extended credit to the defendant Julius, believing him to be the owner of this real estate and relying on these statements of both defendants; and on February 26th, 1922, when the plaintiff ceased furnishing merchandise to the defendant Julius, he was then indebted to the

plaintiff in the sum of $674.94, for which this action in part was brought.

*Edward Mascolo*, with whom, on the brief was *Frederick W. Dauch*, for the appellants (defendants).

*James E. McKnight*, for the appellee (plaintiff).

KELLOGG, J.  The defendants before this court base their appeal chiefly upon the correction of the finding by striking out paragraph thirteen of the finding and substituting certain paragraphs of their draft-finding in lieu thereof, it being clear that if this paragraph remains, it would be difficult for the trial court to arrive at any other decision than it did.  This paragraph is as follows: "By making said conveyances, the defendant Julius left himself only a small amount of personal property of little value and wholly insufficient to meet his then existing obligations, and by making said conveyances he rendered himself insolvent and continued to be insolvent thereafter and said conveyances were made with the view to such insolvency."

An examination of the evidence as certified to this court, discloses that the testimony was in conflict concerning the facts set forth in this paragraph.  It was not in dispute that after the defendant Julius Santoro had executed the conveyances in question, practically all the property remaining in his possession was his stock of goods in his store.  There was no serious contention as to the amount of the indebtedness, but there was a decided variance and conflict as to the value of the stock of goods, the plaintiff offering several witnesses who testified as to the value of the goods, each placing the value as substantially less than the indebtedness of the defendant Julius.  The finding therefore cannot be corrected as requested.

It being found, then, that the two deeds executed by the defendant Julius Santoro on February 15th, 1921, and conveying to his wife all of his interest in the three pieces of real estate described in the complaint, were executed and delivered without any monetary consideration, and that by making these conveyances he, the defendant Julius Santoro, left himself only a small amount of personal property of little value and wholly insufficient to meet his then existing obligations, and that by these acts he rendered himself insolvent and continued to be insolvent at all times thereafter, and that these conveyances were made with the view to such insolvency—it necessarily follows that the court was justified in decreeing these conveyances to be null and void, and that they be set aside as to this plaintiff.

"It is the established policy of our law to hold a man's property subject to the payment of his just debts, and to regard every conveyance, prejudicial to creditors, not founded on adequate consideration, as fraudulent, no matter what ties of blood or affection may have prompted the conveyance. We recognize the material and moral obligation to provide for a wife and children; but this obligation must not be discharged at the expense of one, to say the least, certainly as high; that of paying debts." *Paulk* v. *Cooke*, 39 Conn. 566, 572. "Our law is now settled that a voluntary conveyance by an insolvent is void as against his creditors, as obnoxious to the principles of our common law and to the construction we have given to our statute against fraudulent conveyances." *O'Neill* v. *Kilduff*, 81 Conn. 116, 121, 70 Atl. 640. See also *Allen* v. *Rundle*, 50 Conn. 9; *Freeman* v. *Burnham*, 36 Conn. 469, 473; *Trumbull* v. *Hewitt*, 62 Conn. 448, 26 Atl. 350; *Quinnipiac Brewing Co.* v. *Fitzgibbons*, 71 Conn. 80, 40 Atl. 913; *Clarke* v. *Black*, 78 Conn. 467, 62 Atl. 757; *Mathews* v. *Converse*, 83 Conn. 511, 77 Atl. 961; Bump on Fraudulent Con-

Pepe v. Santoro.

veyances, 276; 1 Story's Equity Jurisprudence (14th Ed.) § 369; Wait on Fraudulent Conveyances, § 101.

We also have a statute in this State directly applicable to this case in question: "All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs." General Statutes, § 6132.

The defendants also assign as error certain rulings upon evidence made by the court. Upon cross-examination of the defendant Julius Santoro, he was questioned concerning his financial condition in September, 1922, about ten months later than the date of the alleged fraudulent conveyances. Defendant's counsel excepted to any evidence as to the financial condition of the defendant other than at the time of these conveyances in November, 1921. The complaint sets forth in the first count at some length a conspiracy between these two defendants to defraud the creditors of the defendant Julius, and to hinder and delay them in their collection of their claims for goods sold and delivered prior to November 15th, 1921, and also for goods sold and delivered on credit to Julius Santoro on and after said date. In view of these allegations, which were denied by the defendants, the financial condition of this defendant, both before and after November 15th, 1921, was a proper matter for the consideration of the court. The same conclusion would follow concerning the admissibility of the other evidence excepted to, that is, the statement of the plaintiff's claim, running from October 31st, 1921, to February 25th, 1922, and a list of creditors as of September, 1922. It will be noted also that the record discloses that the defendant withdrew his ob-

jection and exception as to this  st of creditors, so far as it indicated an admission in connection with the affairs of this defendant with the plaintiff.

The cases of *Paulk* v. *Cooke*, 39 Conn. 566, and *O'Neill* v. *Kilduff*, 81 Conn. 116, 70 Atl. 640, also hold that fraudulent conveyances may be attacked not only by creditors existing at the time of the conveyances, but also by subsequent creditors, where there is an unbroken continuation of the debtor's insolvency, and would therefore justify the admission of the evidence objected to.

There is no error.

In this opinion the other judges concurred.