FRANCES DOMBRON *vs.* FELIX ROGOZINSKI ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 4th—decided July 12th, 1935.

*Michael V. Blansfield* and *John E. Whalen,* for the appellant (plaintiff).

*J. Howard Roberts,* with whom was *Thomas J. Wall,* for the appellees (defendants).

MALTBIE, C. J.  The complaint is in two counts; the first alleges an indebtedness of the defendant Felix Rogozinski upon a note in the amount of $2000, secured by a mortgage; the second alleges an indebtedness of the same defendant upon a note in the amount, as stated, of $8750, but which upon the trial was proved to be $6750, and also that this defendant had fraudulently conveyed a number of pieces of real estate to the other defendant, Pauline Rogozinski, his wife; and the prayers for relief were for damages, that the conveyances be set aside, the appointment of a receiver of rents of the various properties and such

other relief as in equity and justice the plaintiff was entitled to. The trial court found the issues upon the first count for the plaintiff and decreed a foreclosure of the land mortgaged. Upon the second count it found the issues against the defendant Felix Rogozinski only, in so far as they related to his indebtedness upon the note alleged in it; but found the issues upon this count for the defendant Pauline Rogozinski. The questions upon this appeal relate solely to the conclusion of the trial court that the conveyances to Pauline Rogozinski were not fraudulent.

The plaintiff claims that the trial court should have made a specific finding in the judgment upon the allegations of the second count of the complaint that when Felix Rogozinski made the conveyances to his wife he was insolvent. This issue was only relevant to the claim that the conveyances were fraudulent. The finding in the judgment-file of the issues upon this count for the defendant Pauline Rogozinski was a sufficient finding of all relevant issues in her favor. Had the plaintiff desired a special finding upon any particular issue she should have made a motion to the trial court. General Statutes, § 5660; Practice Book, § 189; *Corbett* v. *Matz,* 72 Conn. 610, 613, 45 Atl. 494; *Seymour* v. *Norwalk,* 92 Conn. 293, 295, 102 Atl. 577.

The burden to prove that the conveyances were fraudulent was upon the plaintiff and this involved proof of all facts essential to the establishment of that conclusion. *Daly Brothers, Inc.* v. *Spallone,* 114 Conn. 236, 241, 158 Atl. 237; *Nowsky* v. *Siedlecki,* 83 Conn. 109, 119, 75 Atl. 135; *State* v. *Martin,* 77 Conn. 142, 58 Atl. 745. Unless the plaintiff proved that the conveyances were made without any substantial consideration and, when made, rendered Felix Rogozinski unable to pay his then existing debts, or that they were made with a fraudulent intent in which Pauline Rogo-

zinski participated, the plaintiff could not recover. *Fishel* v. *Motta,* 76 Conn. 197, 198, 56 Atl. 558; *Porter* v. *Adams,* 98 Conn. 349, 119 Atl. 358; *Pepe* v. *Santoro,* 101 Conn. 694, 697, 127 Atl. 277; *Daly Brothers, Inc.* v. *Spallone,* supra. The trial court has found that at the time the conveyances were made Felix Rogozinski had no debts except such as were secured by mortgages on real estate the value of which amounted to or exceeded the amount of the mortgages, and that he was not insolvent. These findings are attacked, but even if we should strike them out, there is no sufficient evidence upon which we could add to the finding a statement that Felix Rogozinski did have debts other than those adequately secured by the mortgages at the time he made the conveyances or that he was then insolvent. Without these findings there is no basis for holding the conveyances constructively fraudulent.

The trial court also found that throughout their married life the Rogozinskis had jointly invested in real estate money they had when married and that subsequently earned; that for a considerable time this real estate was taken in the names of both; that from a time about eight years before the trial, because Pauline Rogozinski could not read or write and it was inconvenient for her to execute deeds, the property was purchased in the name of Felix Rogozinski but was nevertheless to remain the property of both; that dissatisfaction arose and they agreed that the property conveyed to Pauline Rogozinski was her fair share of the joint venture, considering the gains and losses incurred; that the conveyances were intended to equalize the real-estate holdings between the defendants and were not made for the purpose of defrauding any creditors. The plaintiff attacks these findings; there was some evidence, which, if believed by the trial court, might have been indicative of an intent upon the part

of the defendants to place the properties conveyed beyond the reach of the plaintiff should she attempt to apply them to the debts evidenced by the notes in suit; we cannot say, however, that the trial court could not reasonably conclude that the conveyances were made without purpose to affect the ability of the plaintiff to secure payment of the notes and solely to adjust the rights of the defendants between themselves. The findings of the trial court must therefore stand.

In the absence of proof that Felix Rogozinski had any debts not adequately secured when the conveyances were made and of any proof of a fraudulent intent, even if we were to correct the finding to state that Pauline Rogozinski was equitably entitled to only a half interest in the properties, this would not make the conveyances of the entire title to her fraudulent. *Katz* v. *Richman,* 114 Conn. 165, 170, 158 Atl. 219. Upon the finding as made the plaintiff was not entitled to relief against the defendant Pauline Rogozinski under the allegations of the complaint and no change we could make in it would affect this result. The complaint lays no basis for relief against Pauline Rogozinski upon the ground of estoppel referred to in the plaintiff's brief nor was any such claim made at the trial.

There is no error.

In this opinion the other judges concurred.