## FRANCES DOMBRON
vs.
## FELIX ROGOZINSKI, ET AL.

Superior Court      Litchfield County      File #8758

Present:  Hon. NEWELL JENNINGS, Judge.

M. V. Blansfield,          Attorney for the Plaintiff.

Wall, Wall & Wall,
J. H. Roberts,          Attorneys for the Defendant.

**MEMORANDUM FILED DECEMBER 10, 1935.**

JENNINGS, J.  This is a suit on a judgment obtained by the plaintiff against the named defendant.  The basis of the judgment was a note signed by the named defendant.  In that suit the plaintiff also attempted to hold Pauline Rogozinski, wife of Felix, on the ground that he had deeded all of his property to her gratuitously to avoid payment of this claim.  This contention the court refused to sustain and gave judgment for Pauline.

The note being signed by Felix only, the plaintiff impliedly recognizes her inability to recover against Pauline without

having it reformed. **(See second prayer for relief).** To this prayer the defendant Pauline demurs alleging that the question is res judicata. As this is the decisive question in the case, it will be first considered.

The parties are not in dispute as to the applicable rule of law. As stated in **Lehrman vs. Prague, 115 Conn. 484, 490,** "The judgment in the former suit between the same parties and upon the same cause of action, is conclusive upon the parties to the suit as to every question which was **or might have been** presented and determined in the former action, (citing cases)." Further applications of the doctrine with citation of the leading Connecticut cases will also be found in **Spencer vs. Mack, 112 Conn. 17, 24.**

Ordinarily, of course, res judicata is matter of defense rather than demurrer. In this case however, the former judgment is not only recited in the complaint but is relied on as a basis for a recovery in this action. Taking judicial notice of the file in the former case and of the affirmance of the judgment therein by the **Supreme Court, 120 Conn. 245,** it is possible to ascertain whether the issues involved are the same in the two suits.

Examining these records, the two prayers for relief certainly have a striking similarity. The first claim in each is for $10,000. damages. The second, third and fourth in the first suit and the third and fourth in the second suit asks that the conveyances to Pauline be set aside. It is perfectly apparent that the basic claim in each suit is that the conveyances to Pauline should be set aside, in the first suit for fraud and in the second on the ground of joint adventure.

Referring back to the rule cited above, the parties are the same, the transaction is the same and the ground of "joint adventure" first advanced in the second suit is a ground which "might have been presented and determined in the former action". It follows that the demurrer to the second prayer for relief is good. This action, sustaining a demurrer on the ground of res judicata, is justified by the action of the Supreme Court in **Spencer vs. Mack, supra,** where error was found under similar circumstances and judgment ordered for the defendant on the record. There is left only a suit on a judgment based on a note signed by Felix alone. The demurrer to the balance of the complaint is sustained for the reasons therein stated.

This case is an admirable illustration of the wisdom of the rule. The first complaint was dated October 16, 1933, the judgment December 4, 1934, the Supreme Court decision July 12, 1935 and the new complaint, by which the same property was attached over again, September 16, 1935. If the rule were otherwise, a defendant could be kept in court and his property tied up as long as the plaintiff could think of new variations of the same old tune.

The demurrer is sustained.