## THE SECOND NATIONAL BANK OF NEW HAVEN *vs.* RICHMOND R. HARRIS ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued October 9th—decided November 6th, 1936.

*Nathan A. Resnik,* for the appellants (defendants).

*Charles M. Lyman,* for the appellee (plaintiff).

Brown, J.   The complaint is in three counts: the first, predicated on the defendant Harris' demand note

of March 31st, 1927, to the plaintiff's order for $18,000; the second, on the Wuestfeldt Company's note of February 5th, 1934, for $2800 payable two months after date to the plaintiff's order and indorsed by Harris before delivery; and the third, on a similar note of March 15th, 1934, for $4500. It is further alleged in each count that on November 3d, 1933, Harris, then insolvent, conveyed to his daughter, the defendant Peck, real estate in Branford owned by him, without consideration, and in fraud of creditors. The prayers for relief ask damages and that the conveyance be set aside. During the trial the plaintiff withdrew any claim for damages on the first count. The court rendered judgment for the plaintiff against both defendants declaring the deed void, and that it recover of the defendant Harris $4837.50 under the second count, and $3010 under the third count. The notes referred to in the second and third counts were the last renewals of a series of notes commencing in 1932, upon all of which Harris was indorser, and all of which evidenced the same indebtedness to the plaintiff. The questions on this appeal relate solely to the trial court's conclusion that the conveyance was fraudulent.

By the claimed errors relied upon, confined to corrections sought in the finding and the overruling of their claims of law, the defendants question the propriety of the court's finding or concluding that: Harris was insolvent on November 3d, 1933; he made this transfer with intent to place the property beyond the reach of his creditors; Peck knew or ought to have known of this intention; the transfer was actually fraudulent; it was constructively fraudulent; and by the plaintiff's acceptance of the two notes on which judgment was given, Harris' indebtedness existing prior thereto was not extinguished. The court was warranted upon the evidence in finding Harris insolvent on November 3d, 1933. The defendants' claim that Harris' indebtedness of $40,000 secured by a mortgage on his State Street property was not a liability on that date, because the mortgagee subsequently foreclosed it June 28th, 1934, and failed to obtain a deficiency judgment, is patently without merit. It was properly included in the list of liabilities found, as was the property mortgaged to secure it in the assets, at a value of $23,000. Their claim that the second mortgage owned by Harris for $38,000 on a Whalley Avenue property, and his equity in the R. & C. Harris Company, should have been found assets as of that date of $38,000 and $14,000 respectively, is unwarranted. While there was opinion evidence indicating these values, the court was not bound to accept it, and the subsequent foreclosing out of Harris' mortgage without his entering an appearance, and receivership of the company with assets insufficient to pay the general creditors, fully justified the court in refusing to find these to be assets of the value claimed, or of a value sufficient to cover the difference between the $78,869.90 total of those other assets whose values were expressly found, and the $107,444.09 total of liabilities.

The court's finding that Harris made this transfer with intent to place the property beyond the reach of his creditors is abundantly supported by the record. His insolvency, his shrinking bank balance, the suits being brought against him, the transfers without consideration of other properties to his daughter shortly before, his own remark concerning this transaction that he had to have a roof to cover his own head, and his failure to testify in the present action, are some of the significant facts in this connection. The warranted finding of fraudulent intent and insolvency of Harris, coupled with the undisputed fact that no consideration was paid by Peck for his transfer of the $5000 equity in the Branford property to her, renders the question of her knowledge of his fraud immaterial. *Trumbull* v. *Hewitt,* 62 Conn. 448, 451, 26 Atl. 350. A conveyance made under such circumstances is void as to an existing creditor such as the plaintiff was here. *Pepe* v. *Santoro,* 101 Conn. 694, 697, 127 Atl. 277. The court did not err in concluding that the transfer was actually fraudulent.

Had it been unwarranted in this conclusion, however, upon the other facts found its action in setting aside the conveyance could be supported on the ground that there was constructive fraud, Harris having been insolvent at the time, and Peck having paid no consideration for the transfer. *Redfield* v. *Buck,* 35 Conn. 328, 338; *Paulk* v. *Cooke,* 39 Conn. 566, 572; *Quinnipiac Brewing Co.* v. *Fitzgibbons,* 71 Conn. 80, 85, 40 Atl. 913; *Fishel* v. *Motta,* 76 Conn. 197, 198, 56 Atl. 558; *Pepe* v. *Santoro,* 101 Conn. 694, 697, 127 Atl. 277; *Daly Brothers, Inc.* v. *Spallone,* 114 Conn. 236, 241, 158 Atl. 237; *Dombron* v. *Rogozinski,* 120 Conn. 245, 247, 180 Atl. 453. The defendants' final contention, that the giving of the renewal notes sued on constituted a new and independent contract dated subse-

quent to the transfer of the property, is without merit, for the debt had continued from before the transfer and the renewal notes were merely evidence thereof. *Bolles* v. *Chauncey,* 8 Conn. 389, 391; *Frink* v. *Branch,* 16 Conn. 260, 275; *Boswell* v. *Goodwin,* 31 Conn. 74, 83; *City National Bank* v. *Stoeckel,* 103 Conn. 732, 741, 132 Atl. 20.

There is no error.

In this opinion the other judges concurred.