WILLIAM A. WILCOX, RECEIVER *v.* CHARLES R. JOHNSON ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued January 7—decided February 7, 1941.

*Harry Schwartz,* with whom was *Daniel D. Schwartz,* for the appellant (defendant Anagnos).

*Francis F. McGuire*, with whom, on the brief, was *Frank L. McGuire*, for the appellee (plaintiff).

AVERY, J. This action was brought by the plaintiff as receiver of a partnership, seeking to set aside certain conveyances of real estate as in fraud of the creditors of the partnership. The case was tried to the court and resulted in a judgment for the plaintiff, from which one of the defendants, Demetrios Anagnos, has appealed. The trial court found the facts as follows: The plaintiff has been acting as such receiver since February 1, 1938. The members of the co-partnership were three brothers, Charles, George, and Horace Vardilos. Prior to the appointment of the receiver, the partnership conducted two places of business in Pawcatuck, in the town of Stonington. One was a fruit and vegetable business and the other was a bakery business. The fruit and vegetable business was managed by Charles Vardilos while the bakery was managed by his brother George. On September 17, 1937, creditors of the fruit business were demanding payment of claims against it; and, at that time, the assets of the partnership as such, distinguished from the property owned by the individual partners, were less than the liabilities. The defendant Charles Vardilos was the owner of a home where he lived with his wife and family in Pawcatuck and on that day he delivered what purported to be a warranty deed of the property to his wife, Eugenia C. Vardilos. The value of the property was $5900. There was no consideration for this deed and there were no revenue stamps upon it. On October 9, 1937, less than a month afterward, Charles Vardilos and his wife gave to the defendant Charles R. Johnson a note for $5000 which purported to evidence a loan in that amount. No such loan was actually made and on the same date

they gave to him what purported to be a mortgage to secure the payment of the note. There was no consideration for the mortgage. On March 26th, 1938, Johnson gave what purported to be an assignment of the mortgage to the defendant Demetrios Anagnos, cousin of the defendant Eugenia C. Vardilos. There was no consideration for the assignment and the mortgage note was not indorsed to Anagnos. After the present action was brought and a lis pendens had been filed on the land records in the town of Stonington, Demetrios Anagnos, with actual knowledge of the claim of the creditors that the warranty deed and mortgage were void as to them, purported to assign the mortgage to John Pappas. Charles Vardilos at all times continued in possession of the property. The trial court further found that Charles Vardilos, his wife, Eugenia, Charles R. Johnson, and Demetrios Anagnos, in making the conveyances mentioned, had an actual intention to avoid the debts belonging to the creditors of the partnership, and that Charles Vardilos, in making the conveyances, had an actual intention of putting the real estate beyond the reach of his existing and future creditors and the existing and future creditors of the partnership, and that the other defendants had knowledge of Charles' intention in making the conveyances and participated in carrying that intention into effect.

The appealing defendant makes two claims: (1) That no specific intent to defraud, at the time of the conveyance by Charles to his wife and of the subsequent conveyances, was shown; and (2) that the transactions could not be held to be constructively fraudulent, because at the time of the original transfer, although the partnership assets as such were insufficient to pay the partnership debts, the combined assets

of all the partners individually were more than sufficient to meet the existing debts. It is unnecessary to consider this second contention because the plaintiff's claim in this case does not rest upon constructive fraud but is based upon an actual fraudulent intent at the time the transfers were made. Where a transfer of property is made with an actual intent to defraud existing or future creditors, it may be set aside. *Dombron* v. *Rogozinski,* 120 Conn. 245, 247, 180 Atl. 453; *Doty* v. *Wheeler,* 120 Conn. 672, 676, 182 Atl. 468; *O'Neill* v. *Kilduff,* 81 Conn. 116, 121, 70 Atl. 640; *Bassett* v. *McKenna,* 52 Conn. 437, 442; *Pepe* v. *Santora,* 101 Conn. 694, 699, 127 Atl. 277; *Second National Bank of New Haven* v. *Harris,* 122 Conn. 180, 184, 187 Atl. 910.

The defendant has asked for numerous corrections of the finding but no correction can be made by which the appealing defendant's position will be advantaged. It is true that there is no direct evidence that the conveyances in question were without consideration or with actual intent to defraud creditors. In a case of this character, such evidence, from the nature of things, would seldom be possible. There are, however, numerous indicia or badges of fraud. The relationship of the parties, the failing circumstances of the partnership at the time the original conveyance was made, coupled with other facts found and taken into consideration in connection with the unsatisfactory and evasive character of the defendants' testimony in their efforts to explain the transactions, warranted the trial court in finding that no consideration was given for the deed from Charles Vardilos to his wife or the assignment of the mortgage from Johnson to the appellant and that they were made in bad faith on the part of the grantors and grantees and with intent to

defraud. *Mathews* v. *Converse,* 83 Conn. 511, 514, 77 Atl. 961.

There is no error.

In this opinion the other judges concurred.