## JOSEPH TAYLOR *vs.* PHILIP B. KEELER.

A declaration alleged that the plaintiff was owner of a tract of land (describing it,) with a stream of water running through it and a grist-mill thereon, and that the defendant, by the wrongful erection and maintenance of a dam across the stream below, had obstructed the water so as "to cause it to flow back on said land and against the wheel of said mill, whereby the working of said mill was prevented and the plaintiff deprived of the use and profit of said mill." The court below found that the water was set back over a part of the land, but not far enough to reach the wheel of the mill or affect its operation. Held that there could be no actual damages awarded for the flowing of the land, none having been alleged.

And that there could not be nominal damages awarded for the technical injury of overflowing the land below the mill, because the plaintiff had made his whole claim not only expressly but exclusively for damage to the mill.

TRESPASS ON THE CASE for damage by wrongfully setting back the water of a stream; brought to the Superior Court. The declaration was as follows :—

That on and before the first day of January, 1873, the plaintiff was and ever since has been lawfully possessed of a tract of land containing about eighteen acres of land, more or less, and a certain grist-mill thereon standing, with the appurtenances, situated in said Ridgefield and bounded and described as follows: [describing it.] And the plaintiff before and on said first day of January, 1873, and ever since, has had and still has the right to the free course and use of a certain stream of water flowing through said land to carry his said mill; but the defendant, well knowing the premises and contriving to deprive the plaintiff of the use of said stream of water and the profits of said mill, on or about the first day of January, 1873, wrongfully erected a dam across, and placed a great number of stones, boards, planks, logs and timbers in said stream of water on the land of the defendant and below said mill, and raised said dam more than five feet high, so as to obstruct the running of the stream of water in its natural course and to cause it to flow back on the said land and against the said water wheel of

the said mill of the plaintiff, whereby he prevented the movement and working of said mill for divers days and times between said first of January, 1873, and the commencement of this suit, and deprived the plaintiff of the use and profits of his said mill; to his damage the sum of five thousand dollars; and for the recovery thereof, with costs, the plaintiff brings this suit.

The case was tried to the court, on a general denial, before *Hitchcock, J.* The court made the following finding of facts:—

Since June, 1862, the plaintiff has been and now is seized and possessed of the premises described and claimed by him in the declaration. Upon them there is, and has been from time immemorial, a grist-mill operated by the power of the Norwalk river, which flows through the premises in a southerly direction. On the premises, a short distance south of the grist-mill, is a small building which was formerly supplied with water power from the grist-mill pond and used for carding wool and at times for distilling, but which has not been used except for storage purposes during the past twenty-three years.

Since January, 1845, the defendant has been and now is seized and possessed of the tract of land below and adjoining the plaintiff's premises on the south. In 1857 the defendant erected upon his land a grist-mill and mill-dam on the Norwalk river.

During the three years next preceding the institution of this suit, the defendant maintained a dam across the river on his tract, and from time to time erected flashboards on the dam, removing them in times of high water and replacing them in times of low water.

The evidence was not sufficient to enable the court to find whether or not the main and permanent part of the defendant's dam was above the height to which he might lawfully raise the water of the river; but the whole of the flashboards were above such lawful height; which fact was known to the defendant.

By means of the flashboards the defendant wrongfully

and unlawfully caused the water of the river to set back upon the plaintiff's premises, to his damage, but the water was not so set back far enough to actually reach and affect the workings of the grist-mill wheel or machinery as heretofore constructed and operated.

The defendant objected that, under the declaration, no evidence of damage could be received except of damage to the grist-mill specifically, and that no damages could be awarded for the defendant's wrongful setting back of the water upon the plaintiff's premises, except for an injury to the grist-mill and the grist-mill right.

But the court held that damages might be awarded for wrongfully and unlawfully setting back the water of the river upon any part of the plaintiff's premises described in the declaration, and that the defendant's obstruction of the natural and rightful flow and fall of the water on those premises was an injury for which the plaintiff might recover damages under his declaration. And the court thereupon rendered judgment that the plaintiff recover $100 damages for the injury caused by the flashboards, together with costs of suit.

The defendant brought the record before this court by a motion in error.

*L. D. Brewster* and *A. H. Averill*, for the plaintiff in error.

*W. F. Taylor* and *W. R. Smith*, for the defendant in error.

GRANGER, J. (After stating the facts.) What are we to regard as the gist of this action? For what injury is the plaintiff claiming compensation in damages? Is it for an injury to his land or to his mill?

Clearly the land is mentioned only incidentally. No injury to it is alleged. The sole injury set forth in the declaration, so far as we can see, is the injury to the plaintiff's mill. The facts with regard to this are stated with directness and precision. The allegation is, and there is no other of any injury whatever, that the defendant by his

dam wrongfully caused the water of the stream "to flow back on the said land and against the said water wheel of said mill of the plaintiff, whereby he prevented the movement and working of said mill for divers days, &c., and deprived the plaintiff of the use and profits of his said mill." The defendant might properly understand from these allegations that the only claim that he was to meet was that of having injured the plaintiff in the use of his mill. That claim he was prepared to meet and it appears by the finding that he met it successfully. It is found that the water "was not set back far enough to actually reach and affect the working of the grist-mill wheel or machinery."

But the defendant was not bound to be prepared to meet a claim that the plaintiff had been damaged by the overflowing of any part of the eighteen acres described in the declaration. The declaration gives him no intimation of such a claim. It is an elementary rule of pleading that the plaintiff must, in his declaration, give the defendant fair notice of what he claims, and in an action for consequential damages must state the consequences which he claims to have resulted from the wrongful act charged. Chitty says (Pleading, Vol. I., 255,)—"The declaration must allege all the circumstances necessary for the support of the action and contain a full, regular and methodical statement of the injury which the plaintiff has sustained, with time and place and other circumstances with such precision, certainty and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal plea, and that the jury may be enabled to give a complete verdict upon the issue, and that the court consistently with the rules of law may give a certain and distinct verdict upon the premises." Another reason why such certainty as this rule prescribes is required as to the declaration and the judgment, is that the defendant may plead the judgment in bar to any subsequent suit for the same injury.

It will be seen by reference to the forms for declarations

in  actions  of  this  sort,  as  prepared  by  Judge  SWIFT
(2  Digest,  555,)  that  the  present  declaration  follows  the
form  there  given  for  a  case  of  "obstructing  and  flowing
water  back  on  the  mill  of  the  plaintiff."    On  page  556  is
found  a  form  for  a  case  of  "flowing  the  plaintiff's  meadow."
In  this  form,  after  alleging  ownership,  describing  the  land,
and  averring  that  the  defendant  erected  a  dam  across  a  cer-
tain  brook  below  the  land  of  the  plaintiff  and  caused  the
water  to  set  back  upon  and  overflow  the .plaintiff's  land,  it
concludes  as  follows:—"Whereby  the  grass  of  the  plaintiff
growing  on  said  land  has  been  spoiled,  of  the  value  of ——
and  said  meadow  has  been  made  worse  and  has  become
miry  and  almost  impassable."    Thus  it  will  be  seen  that
the  forms  for  the  two  cases  are  essentially  different,  and
that  in  the  latter  case,  which  is  the  only  one  applicable  to
an  injury  to  the  plaintiff's  land  by  overflowing  it,  it  was  an
essential  part  of  the  form  that  the  damage  to  the  land  itself
should  be  averred,  and  with  directness  and  particularity.

We  do  not  mean  to  be  understood  as  saying  that  there
can  be  no  recovery  of  nominal  damages  where  a  clear  tres-
pass  or  injury  is  alleged  with .no  averment  of  actual  dama-
ges  except  in  the  general  *ad  damnum*  clause.    The  court
will  as  a  general .rule  grant  nominal  damages  for  the  inva-
sion  of  the  plaintiff's  rights.    But  here,  as  we  have  shown, ·
the  plaintiff  himself  precludes  all  claim  for  even  nominal
damages  by  making  his  whole  claim,  not  only  expressly  but
exclusively  for  damage  to  his  mill.    It  is  on  this  alone  that
he  counts  and  for  this  alone  that  he  sues;  and  it  is  only  in
accordance  with  his  own  statement  of  his  case  that  he  must
recover  for  this  or  for  nothing.

The  judgment  is  erroneous  and  is  reversed.

In  this  opinion  the  other  judges  concurred.          .