THE TROUT BROOK ICE AND FEED COMPANY *vs.* THE HARTFORD ELECTRIC LIGHT COMPANY.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A judgment based upon facts found but not alleged is erroneous.

The plaintiff alleged that the defendant carelessly and negligently drove an automobile at high speed and with great violence against the plaintiff's horses standing in the highway, whereby they were frightened, ran away, and were injured. The trial court found that the automobile, while under control, was moving slowly in the direction of the horses but did not come in contact with either of them; that the operator of the automobile noticed the fright of the horses and that they were about to run away, but did not stop the vehicle nor slacken its speed until it reached the curb near the place where the horses had been standing. *Held* that the facts found respecting negligence were not legally identical with those

alleged, and therefore could not support a judgment for the plaintiff.

Argued October 11th—decided December 16th, 1904.

ACTION to recover damages for injuries to a pair of horses alleged to have been caused by the negligence of the defendant's servant in driving an electric automobile, brought to and heard in damages by the Court of Common Pleas in Hartford County, *Coats, J. ;* facts found and judgment rendered for the plaintiff for $325, and appeal by the defendant. *Error and new trial granted.*

*Edward D. Robbins,* for the appellant (defendant).

*Percy S. Bryant* and *Theodore G. Case,* for the appellee (plaintiff).

PRENTICE, J. A hotel omnibus, to which a pair of the plaintiff's horses were harnessed, was backed to the curb in front of the hotel entrance. The omnibus was thus placed at right angles with the curb line. The horses were turned so that they stood lengthwise of the street. The driver left the horses so standing, unhitched and unattended, to step across the sidewalk and within the hotel entrance to announce the departure of the omnibus for the railway station. This done, he immediately turned to go back to the horses, when the defendant's automobile, which was being propelled along the street, approached, and the horses took fright, ran away and were injured.

The wrongful act of the defendant complained of is set out in the second paragraph of the complaint, as follows : " At or about said time the defendant, while driving and operating an electric automobile through and along said highway at a high rate of speed, negligently, carelessly, and with great violence drove said automobile against said horses, greatly frightening and injuring each of them and by reason of said fright causing them to become unmanageable and to run along said street " to their injury, as described. The defendant suffered a default, and gave notice that upon the

hearing in damages it would offer evidence to disprove the allegations of the complaint, and also to prove contributory negligence. The court, upon the evidence offered upon the hearing, found that the automobile was at the time moving at a slow rate of speed and under control, and that it did not come in contact with either of the horses. What it found to have been the fact was, that while the automobile was so moving at a slow rate of speed and under the control of the man in charge, it approached the horses along a curved course, moving more and more directly towards the place where they stood; and that the operator, then seeing that the horses were frightened and about to run, did not stop the automobile or slacken its speed until it was brought to a standstill near the curbstone at or near the place where the horses had stood. This conduct on the part of the operator the court held to have been negligent, and rendered judgment against the defendant for the consequences found to have flowed therefrom.

The complaint charged fast driving and direct force applied to the plaintiff's horses, causing them to run. The court found that there was neither fast driving nor an application of direct force. The complaint correctly described the results of the defendant's acts. Its acts, however, which alone constituted its wrong as the court has found it, are not alleged even in essence. The facts proven as to the claimed delict are not legally identical with those averred. It therefore follows that the plaintiff having set out one cause of action has had judgment for another. The principles of law governing this subject, and the practical reasons which underlie them and remove them from the domain of technicalities, were stated so fully, and with such pertinence to the case at bar, in *Shepard* v. *New Haven & N. Co.*, 45 Conn. 54, that neither repetition nor attempt at elaboration is here necessary. See also *Taylor* v. *Keeler*, 50 Conn. 346; *Ives* v. *Goshen*, 63 id. 79; *Sanford* v. *Peck*, ibid. 486; *Pitkin* v. *New York & N. E. R. Co.*, 64 id. 482; *Gilbert* v. *Walker*, ibid. 390; *Donovan* v. *Hartford Street Ry. Co.*, 65 id. 201; *Seltzer* v. *Davenport Fire Arms Co.*, 74 id. 46.

The principle invoked in these cases for the protection of defendants is not one fraught with hardship to plaintiffs, in view of the freedom with which reasonable amendments are allowed.

The other claims of error pursued in the defendant's brief need not be considered, as the questions involved may not again arise.

There is error and a new trial is granted.

In this opinion the other judges concurred.