Sidney E. Clarke, Administrator, *vs.* Madison S. Black et al.

First Judicial District, Hartford, October Term, 1905.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

Where all the facts attending a transaction are found, the question whether there was a valuable consideration for a conveyance alleged to have been constructively fraudulent, is an inference or conclusion of law reviewable by this court on appeal.

In the present case the defendant in 1886 let his wife have $3,500 to assist her in purchasing and keeping a boarding-house, upon an informal understanding that when she had acquired by such means a sufficient sum to build a house, it should be turned over to the defendant as his property, and that the proceeds of the business not needed for this purpose should belong to her. At the end of ten years, with the avails of her business, she bought land and built a house thereon at an expense of $6,000, and told the defendant she would convey the property to him, which she did three

years later. This conveyance was made in good faith and with no intent to defraud any one, although it left her without sufficient attachable property to satisfy the claim of her sole creditor. *Held* that upon these facts the relation of debtor and creditor existed between the wife and her husband, and that such relation constituted, as matter of law, a valuable consideration for her conveyance which prevented it from being treated as constructively fraudulent.

A conveyance made without valuable consideration, which deprives the grantor of means sufficient to meet his then-existing indebtedness, may be constructively fraudulent although there is in fact no intent to defraud or to avoid such indebtedness. On the other hand, if there was a valuable consideration for a *bona fide* conveyance, the transfer might be valid notwithstanding it was calculated to hinder other creditors in the collection of their claims.

Argued October 6th, 1905—decided January 4th, 1906.

ACTION to set aside a conveyance of real estate alleged to have been made in fraud of a creditor, brought to the Superior Court in Hartford County, where a demurrer to the complaint was overruled (*Thayer, J.*) and the cause was afterwards tried to court, *Gager, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error and cause remanded.*

In 1896 Lucy H. Black (the plaintiff's intestate) became the owner of the land described in the complaint, and on September 28th, 1900, conveyed it through the defendant Dudley to her husband, Madison J. Black, the principal defendant. At the time of this conveyance a suit was pending in the Court of Common Pleas for Hartford County, in favor of one Edward E. Rogers and against Mrs. Black, in which suit the land conveyed had been attached. Mrs. Black denied any indebtedness to Rogers and fully expected to win the pending suit. She had no creditors other than said Rogers, and after the conveyance did not have sufficient property, subject to attachment, to meet the debt claimed by Rogers. No action was taken by Rogers in his suit until May 18th, 1901, when he filed a bill of particulars, and no other action was taken by either party prior to February 22d, 1902, when Mrs. Black died and the attachment in the suit

was dissolved. Mrs. Black left substantially no assets and no debts except the Rogers claim. About a year after Mrs. Black's death, Rogers cited in as defendant in his pending suit Mrs. Black's administrator, who had been appointed for the sole purpose of defending that action, and subsequently recovered judgment against the estate of Mrs. Black for $861.66. The present plaintiff having been appointed administrator *de bonis non* of Mrs. Black's estate brought this action.

The complaint alleges, in substance, that the conveyance from Mrs. Black to the defendant was fraudulent, because it was made in fraud of the said Rogers and to avoid the payment of her debt then due to said Rogers as adjudged by the judgment recovered by him against her estate, and because the conveyance was made without any valuable consideration therefor. These allegations were denied by the defendant.

Upon the trial the defendant claimed, as the legal conclusion from the facts admitted and found proven, that the conveyance to the defendant was not fraudulent, and that the consideration for the conveyance was a valuable one. The court (*Gager, J.*) overruled this claim, and states in the finding all the facts from which the court drew its conclusion that the conveyance was fraudulent. The material facts in addition to those above mentioned are as follows:—

The conveyance was not made for the purpose of escaping or in any way avoiding the Rogers' claim, or for the purpose of defeating his attachment, and was made with no intent on the part of the grantor or grantee to defraud said Rogers or any one else.

The facts determining the character of the consideration for the conveyance of September 28th, 1900, are in substance these: In 1886 Lucy H. Black desired to purchase a boarding-house to be managed as her separate and independent business for her sole benefit. She did not have sufficient means to make said purchase, and obtained from the defendant the sum of $3,500 to be used in making the purchase. She bought the boarding-house, using the $3,500

obtained from the defendant in paying for the same, and managed the boarding-house as her separate and independent business, the defendant receiving no part of the income therefrom. The defendant and Mrs. Black often talked about the $3,500 and the general purport of their conversation was that Mrs. Black desired to retain the money in her business and make what she could out of it, that some time she would be able to build a house, and that when she built her house she would turn it over to the defendant and retain as her own whatever was not required for the building of the house. At the time the money was paid by the defendant to Mrs. Black, no note or other obligation was given to him, nor was he furnished any security for said sum, nor was there any agreement between them with reference to the repayment of said money; Mrs. Black did not pay interest upon said sum, and it did not appear that there was ever any calculation of interest or any conversation with reference to any specific sum that was or might be due to the defendant, or any promise of hers except her statement with reference to building a house and turning it over to the defendant. Ten years later, in 1896, Mrs. Black purchased the land in question and built a house thereon, and told the defendant it would be his. At different times there was conversation between them about conveying the property to the defendant, but he did not urge her and the matter was put off without any special reason until September 28th, 1900, when the property was conveyed to the defendant as above stated. At the time of the conveyance the attachment of the land by Rogers was known to Mrs. Black and the defendant, and they each supposed and understood that in case Rogers recovered judgment it would hold said land to respond thereto. Said transfer from Mrs. Black to the defendant was made in good faith and for the purposes aforesaid. The value of the property transferred was about $6,000.

*Joseph P. Tuttle* and *James J. Quinn,* for the appellants (defendants).

*John W. Coogan* and *John J. McKone,* for the appellee (plaintiff).

HAMERSLEY, J. The finding of the trial court conclusively negatives the allegations of the complaint, in so far as they aver that the conveyance to the defendant was in fact made in fraud of Edward E. Rogers, with intent to avoid the payment of a debt then due from the grantor to said Rogers, and for this reason was fraudulent. As to the remaining allegation of the complaint, namely, that the conveyance to the defendant was made without any valuable consideration therefor, and for this reason was fraudulent, the court finds that at the time of the conveyance the grantor was indebted to Rogers to an amount in excess of the value of her attachable property other than the land conveyed, that the land conveyed was subject to an attachment lien in a suit then pending between Rogers and the grantor for the enforcement of her debt to him, and states the facts which constitute the consideration upon which the conveyance was made by the grantor. These facts being ascertained and determined by the trial court, the conclusion therefrom, including the existence of constructive fraud and of a valuable consideration, is a question of law. *Pettibone* v. *Stevens,* 15 Conn. 19, 25; *Winsted Hosiery Co.* v. *New Britain Knitting Co.,* 69 id. 565, 575.

If the conveyance to the defendant was made without a valuable consideration, the fact that such conveyance left the grantor without sufficient means to meet her existing indebtedness to Rogers might render the conveyance fraudulent, notwithstanding there was in fact no intent to defraud and no intent to avoid that indebtedness. *Quinnipiac Brewing Co.* v. *Fitzgibbons,* 71 Conn. 80. On the other hand, if there was a valuable consideration for the conveyance, the *bona fide* transfer of the property upon such consideration might be valid, notwithstanding such transfer was calculated to hinder other creditors in the collection of their claims. *Meade* v. *Smith,* 16 Conn. 346, 358; *Warner Glove Co.* v. *Jennings,* 58 id. 74, 82. A controlling ques-

tion, therefore, in determining the validity of the conclusion reached by the trial court, is this : was the consideration for the conveyance as set forth in the finding a valuable one ? A good or meritorious consideration may be sufficient to support a conveyance by a grantor who is not indebted, or whose indebtedness is not unreasonably disproportioned to the value of the property conveyed ; *Salmon* v. *Bennett*, 1 Conn. 525 ; but where the conveyance leaves the grantor without sufficient property to meet existing debts, it cannot be supported as against those creditors unless the consideration is one which the law terms valuable. In general, a consideration may be valuable which involves the payment of money, satisfaction of some debt or binding obligation or duty, or some substantial benefit which is regarded as property, as, for instance, an intended marriage, or an understanding that the grantor shall be supported for life by the grantee. 1 Sw. Dig. (280), (281) ; *Graves* v. *Atwood*, 52 Conn. 512, 516.

The answer to the question in the present case depends upon two transactions, related, but in a way distinct : first, the transaction in which Mrs. Black obtained from Mr. Black $3,500 upon the understanding between them as to the obligations thereby assumed by her, and used the money and invested the proceeds as stated in the finding ; second, the subsequent conveyance of the land. As we read the finding, the first transaction is in substance this : In 1886 Mrs. Black obtained from Mr. Black $3,500 upon the understanding that she should use the money in her business until she had made sufficient to build a house, and that when the house was built she should turn it over to Mr. Black as his property ; and that the proceeds of the business not required for this purpose should belong to Mrs. Black. In accordance with this understanding Mrs. Black used the $3,500 in her business, and at the end of ten years was able to and did build the house as contemplated by them. In 1896–7 she purchased the land in question, built upon it a house, and told Mr. Black she would convey it to him. We think that upon the completion of this transaction the

relation of creditor and debtor existed between Mr. and Mrs. Black, and that Mr. Black was entitled to a conveyance of the house, or to damages in case of Mrs. Black's refusal to convey. That Mrs. Black gave no note or written obligation at the time she obtained Mr. Black's money, that there was no agreement made with reference to the repayment of said money, and that no interest was paid or calculated thereon, is immaterial. The transaction was not a loan of money upon interest. Mr. Black's property rights resulted from the acceptance and use of his money by Mrs. Black upon the understanding between them, her purchase of the land and building of the house with the proceeds and accretions of that money, and her promise to convey the land to him. The fact that Mr. and Mrs. Black were husband and wife is immaterial, except as explaining a transaction which might otherwise seem an improvident one on the part of Mr. Black. No rights of third parties are involved in the transaction, and it is not affected by the question of creditors of either Mr. or Mrs. Black. In a case such as this, the relation of husband and wife operates rather to emphasize the good faith and honesty of the transaction. *Gilligan* v. *Lord*, 51 Conn. 562, 567.

No claim is made that Mr. and Mrs. Black could not contract with each other in the manner detailed, and such a claim if made could not be maintained. *Spitz's Appeal*, 56 Conn, 184, 186; *Haussman* v. *Burnham*, 59 id. 117, 132; *Corr's Appeal*, 62 id. 403, 409.

The plaintiff cites several decisions where it is held, as it was held in *Paulk* v. *Cooke*, 39 Conn. 566, 570, that the use by a husband of money which came to his wife and which under the law he is entitled to reduce to possession and use as his own property, does not constitute a valuable consideration for a subsequent transfer to his wife of large amounts of his own property for the purpose of placing it beyond the reach of creditors. It is evident that such decisions have no application to the facts in this case.

It thus appears that in 1897 the relation of debtor and creditor existed between Mr. and Mrs. Black, and that she

was then bound to satisfy the claim of Mr. Black. The second transaction, namely, the conveyance to Mr. Black, took place some three years later, on September 28th, 1900. There is no significance in the delay in making the conveyance, as the court finds that the matter was put off without any special reason and that the transfer from Mrs. Black to the defendant was made in good faith and for the purposes aforesaid, that is, of satisfying her obligation to Mr. Black arising from the transaction above stated. The satisfaction of that obligation was the consideration of the transfer, and such a consideration is in law a valuable one. There can be no question of adequacy of consideration; land worth about $6,000 is a reasonable compensation for the loss of $3,500 and its use and profits for ten years. Such a transfer, in good faith, upon valuable and adequate consideration, might lawfully be made, although the parties knew of the Rogers claim and that the transfer might operate as a preference, and would be valid as against Rogers unless opportune proceedings in insolvency were commenced. That the parties supposed and understood that the intervening attachment of Rogers would in fact hold the land to the extent of any judgment Rogers might recover, and so to that extent affect the value of the property received by Mr. Black in satisfaction of his claim, only serves to illustrate the absolute good faith of the transaction which the court so unequivocally finds.

That the transfer of the land in question to Mr. Black was not fraudulent is the necessary legal conclusion from the facts found.

There is error, the judgment of the Superior Court is reversed and the cause remanded with instruction to render judgment for the defendants.

In this opinion the other judges concurred.