JOHN PORTER, TRUSTEE, *vs.* HORATIO N. ADAMS ET UX.

First Judicial District, Hartford, October Term, 1922.

WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

In an action to set aside a conveyance alleged to have been obtained
by the defendants without consideration from an incompetent
person, largely indebted, and with a view to defraud her creditors,
the trial court found all the material issues for the defendants and
rendered judgment in their favor. *Held* that this decision was
final, inasmuch as it appeared to be supported by the subordinate
facts found, and was not in conflict with the settled rules of logic
and reason, nor in violation of any rule or principle of law.

In the absence of any proper motion to correct or add to the finding,
the facts as found are the only ones before this court for its con-
sideration.

When all the facts attending a given transaction are disclosed in the
finding, the question whether there was a valuable consideration
for a conveyance is an inference or conclusion of law reviewable
by this court on appeal.

The facts attending the giving of the conveyance in the present case
reviewed, and *held* to establish, as matter of law, the existence
of a valuable consideration.

Proof that a transfer of property was intended by the grantor to de-
fraud his creditors would not enable them to avoid it on that
ground, provided the grantee had no knowledge of the fraud and
gave a substantial consideration for the conveyance.

A well-grounded belief on the part of a grantee of property, of the
grantor's insolvency, is an essential element in the proof of a void-
able transfer under the Bankruptcy Act.

It *seems* that the District Court of the United States is without juris-
diction to adjudge one an involuntary bankrupt after his death,
in the absence of an appearance by any representative of his es-
tate or of any person interested therein, and of any order or direc-
tion by the court for such an appearance or entry; and this accords
with the spirit of the law prevailing in this State.

Argued October 23d, 1922—decided January 10th, 1923.

SUIT to set aside an alleged fraudulent conveyance
of all the grantor's real and personal property, brought
to and tried by the Superior Court in Litchfield County,

*Webb, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

The complaint recites that Mary E. Wheeler was adjudicated a bankrupt by the United States District Court on August 25th, 1913; that the plaintiff was appointed and qualified as trustee of her bankrupt estate on October 27th, 1913; and that on August 6th, 1917, the United States court granted permission to him to institute this action. It alleges that Mary E. Wheeler on May 30th, 1912, was the owner of certain real estate particularly bounded and described and located in the town of Goshen, on which were a house and barn, and of certain specified personal property; that she was old and infirm, "and by reason thereof incapacitated from attending properly to business"; that on that day she had creditors in the amount of $5,000; that on that day the defendants, "fraudulently taking advantage of Mary E. Wheeler's incapacity, procured her mark to a certain writing hereto annexed, marked Exhibit A, which writing transferred to the defendants all rights, title and interest in and to all the real estate and personal property of Mary E. Wheeler, without paying any consideration therefor"; that on said day "the defendants knew that Mary E. Wheeler was indebted to creditors in the amount of $5,000, and said conveyance was obtained by the defendants for the purpose of defrauding creditors"; and that the defendants intend to use this property "for their own benefit and in prejudice of creditors whom the plaintiff represents."

In their answer the defendants admit that on May 30th, 1912, Mary E. Wheeler owned the real estate and personal property described in the complaint, and that on that day she had given to them a deed and transfer of this real estate and of this personal property, and denied all the other allegations of the complaint. They

also set up that this deed was given by Mary E. Wheeler and accepted by the defendants "in good faith for a lawful and valid consideration and also in consideration of an agreement executed by them and delivered to her," a copy of which was annexed as Exhibit 1, and that thereafter they had "fully complied with all of the terms, conditions and provisions on their part to be done and performed as stipulated and set forth in said Exhibit 1"; and that Mary E. Wheeler died on January 21st, 1913, and notice thereof was duly filed with the clerk of the United States District Court. They further aver that all subsequent proceedings in that court, without her presence or that of any person representing her or her estate, "were without jurisdiction to bind the estate . . ., no person having been appointed or designated by said United States District Court or by any other court to represent her in any matter." These allegations the plaintiff deny.

The court, after hearing, found the issues for the defendants.

*Clayton L. Klein*, with whom were *Francis R. Wadhams* and *William W. Gager*, for the appellant (plaintiff).

*Samuel A. Herman*, for the appellees (defendants).

BURPEE, J. If it be taken for granted that the plaintiff in this suit has set out any cause of action against the defendants, it is hardly necessary to say that he would be entitled to the relief he asked for only after he had established the truth of the material matters which he alleged in his complaint and which were put in issue by the answer. Under these pleadings, these material matters are that the defendants, by taking advantage of Mary E. Wheeler's incapacity properly

to attend to her business, procured from her on a day named a deed to them of all her real and personal property, without consideration therefor, with knowledge that she was on that day indebted to creditors in a large amount, and with the purpose of defrauding these creditors. It was indispensable to the plaintiff's recovery that he prove the truth of his allegations of these particulars. *DeLucia* v. *Valente*, 83 Conn. 107, 75 Atl. 150; *Trout Brook Ice & Feed Co.* v. *Hartford Electric Light Co.*, 77 Conn. 338, 340, 59 Atl. 405. This he failed to do, and the trial court found the issues for the defendants. That decision is final unless it plainly appears in the record that the conclusions of the court are contrary to or unsupported by the subordinate facts found, or were not made logically, reasonably and in accordance with the principles of law. *Bell* v. *Strong*, 96 Conn. 12, 112 Atl. 645. In this appeal, no motion to correct or add to the finding has been presented in the manner required by statute. General Statutes, §§ 5830, 5832. Therefore the facts stated in the finding are the only facts which we have to consider. *Bell* v. *Strong*, 96 Conn. 12, 13, 112 Atl. 645. Among these facts it appears that Mary E. Wheeler herself made the original proposition to the defendants to deed to them "the farm and premises where she was living, together with all of the personal property thereon," and had two or more conferences with them concerning the matter, and requested them to consult her lawyer and ask him to come to her house and advise her how to carry her proposition into effect; and that after her lawyer came to her house and had consulted and advised with her as to her wishes, he drew the deed in question, which Mrs. Wheeler signed, acknowledged and delivered in his presence. The facts of this transaction, thus conducted under the supervision of a lawyer of high personal and professional character

and experience, decisively negative not only the allegation that the defendants procured the execution of the deed by fraudulently taking advantage of Mrs. Wheeler's incapacity, but also that they by their own act procured the deed in any manner whatever.

In the next place, the deed, made a part of the complaint, proved on its face that it was not, as was alleged, a writing which "transferred to the defendants all rights, title and interests in and to all the real and personal property of Mary E. Wheeler." In express terms, it gave and granted to the defendants only a particularly described and bounded farm in the town of Goshen, with the buildings thereon, and only all the "personal property now in or on said described premises." This deed was the only conveyance on which the plaintiff based his claim that the defendants had obtained for themselves all of Mrs. Wheeler's property, and it appears in the finding that no evidence was offered on which the court could find whether this property was or was not all Mrs. Wheeler owned at that time, although she had "at least the sum of $100 in cash." But the burden lay on the plaintiff to prove this particular allegation by a fair preponderance of the evidence. Manifestly he failed to do so.

He likewise failed to prove the truth of his allegation that Mrs. Wheeler was indebted to creditors in the amount of $5,000, or in any considerable amount. The trial judge declares that he is unable to find from the evidence how much she owed to either of two creditors named, or whether she was indebted to a third person named, but that she owed a lawyer $45; and that the evidence disclosed no other debts. In such conditions of uncertainty, the court could not reasonably have concluded that the plaintiff had proved the truth of this allegation.

Respecting the allegations that the defendants, on

the day when the deed was executed and delivered, knew that the grantor was indebted in a large sum and that the conveyance was procured by them for the purpose of defrauding her creditors, the court has found that the defendants had no knowledge of any such indebtedness or that her creditors, if any there were, would be defrauded by the transaction. This finding of facts is not questioned in this appeal, and conclusively settles this issue in favor of the defendants.

The remaining material allegation of the complaint is that the defendants procured this conveyance without consideration. The trial court has found that the consideration was valuable and adequate. For the purposes of this appeal, all the facts attending the transaction are disclosed in the finding. Upon these facts, the question whether there was a valuable consideration for this conveyance is an inference or conclusion of law which is reviewable by this court on appeal. *Clarke* v. *Black*, 78 Conn. 467, 62 Atl. 757. It appears that in the deed the consideration is stated as "one dollar and the covenant and agreement of the grantees herein to furnish me with ample and comfortable support for and during my life as fully set forth in that written agreement of even date therewith, received to my full satisfaction of" the defendants. In the agreement thus referred to, the defendants, in consideration of the deed of the real estate and personal property particularly described therein, granted to Mary E. Wheeler, the grantor in the deed, "the full right to live on and occupy the premises for the purposes of a home," with the exclusive possession and use of such room in the dwelling-house as she might select, and the right to ample and proper support and care, "all for and during the life of " Mary E. Wheeler; and the defendants convenanted and agreed with her to "carry out the provisions and intent of

this instrument." As a matter of law, in the circumstances disclosed in the record before us, this undertaking constituted a valuable consideration for the conveyance. *Graves* v. *Atwood,* 52 Conn. 512, 516; *Clarke* v. *Black,* 78 Conn. 467, 472, 62 Atl. 757. Even if it had been alleged and proved that Mary E. Wheeler was heavily indebted when she transferred the property conveyed by this deed, and actually intended thereby to defraud her creditors, unless these defendant grantees knew of the grantor's indebtedness and of the intended fraud, the conveyance, made for a substantial consideration, would not be voidable by creditors of the grantor. *Trumbull* v. *Hewitt,* 62 Conn. 448, 451, 26 Atl. 350; *Knower* v. *Cadden Clothing Co.,* 57 Conn. 202, 17 Atl. 590. It was not set up in the complaint that this transfer of property was calculated to or did hinder creditors in collecting their claims. But had such an allegation been made and proved, this conveyance, which effected a bona fide transfer of certain property specified, upon valuable consideration, might be valid. *Clarke* v. *Black,* 78 Conn. 467, 471, 62 Atl. 757.

Under the issues framed by the pleadings in this suit and the finding of facts made by the trial court, we think this transfer is protected from the plaintiff's attack.

In our opinion the trial court reached the conclusions and made the decision stated in its judgment and finding reasonably, logically, and in accordance with the principles of law. Therefore, in whatever capacity the plaintiff intended to present himself in this suit, he must fail because he has not established the truth of the material allegations of his complaint. It is unnecessary to consider separately the defendants' special defense, although the fact set up and found to have been proved, that they had performed all their under-

takings and obligations assumed as a consideration for the transfer of Mrs. Wheeler's property to them, would have great weight against the claims for relief which the plaintiff has made in this suit.

The court reached the conclusion that the conveyance in question did not constitute a voidable preference under the United States Bankruptcy Act, and the plaintiff assigns this conclusion for an error because, he says, the transfer was made within four months before the bankruptcy proceedings were commenced. It is not stated in the complaint when the bankruptcy proceedings were commenced, and the transfer is not attacked on the ground of voidable preference under the Bankruptcy Act. It is not set up that Mary E. Wheeler was insolvent at any time. That matter was not an issue in the case. If it had been, the facts disclosed by the finding demonstrate that these defendants did not have such a knowledge of her insolvency, if it had been alleged and proved that she was insolvent, as would induce a reasonable belief of her insolvency by the defendants or that the transfer would effect a preference. Such a belief is an essential element in the proof of a voidable transfer under the Bankruptcy Act. *Wrenn* v. *Citizens National Bank,* 96 Conn. 374, 114 Atl. 120.

The trial court held that, although the death of Mary E. Wheeler did not abate the bankruptcy proceedings, the United States District Court "was without jurisdiction to render a decree adjudging her bankrupt . . . without any representative of her estate or other person interested therein having entered or having been ordered or directed to enter in order to be heard in defense of said petition." This conclusion seems to be supported by decisions in the Federal courts. *Shute* v. *Patterson,* 78 C. A. A. 75, 147 Fed. 509. And to be approved by the text-books. 1 Black

on Bankruptcy, § 178; Brandenburg on Bankruptcy, § 378. It seems also to be in accord with the spirit of the law prevailing in this State. *Barton* v. *New Haven*, 74 Conn. 729, 730, 52 Atl. 403. But in this case it is not necessary to decide whether this conclusion of the trial court was or was not an error in law, because, for the reasons we have stated, the plaintiff in this suit must fail, even if we concede his legal appointment as trustee in bankruptcy and his right to bring an action of the kind and form before us.

There is no error.

In this opinion the other judges concurred.