DALY BROTHERS, INC., *vs.* GIOVANNI SPALLONE ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 5th, 1931—decided January 26th, 1932.

*Albert W. Hummel,* for the appellant (plaintiff).

*George J. Crocicchia,* for the appellees (defendants).

AVERY, J. The complaint in this action is in two counts. In the first count, the plaintiff seeks to set aside a conveyance dated November 25th, 1929, from the defendant Giovanni Spallone to his mother, Angiolina Spallone, on the ground that the same was in fraud of creditors. In the second count, the plaintiff sought to recover judgment against the defendant Giovanni Spallone for plumbing and heating supplies furnished. The case was tried to the jury who brought in a verdict in favor of the plaintiff and against the defendant Giovanni Spallone on the second count for $1340.93, and in favor of both defendants on the first count. From the judgment rendered in favor of the defendants on the first count, the plaintiff appealed, and assigns as error: first, the action of the trial court in refusing to set aside the verdict in favor of the de-

fendants on the first count; second, certain parts of the charge to the jury which are claimed to have been erroneous; and, third, certain paragraphs of the finding which it asks to be corrected. We will deal with these assignments in that order.

It was undisputed at the trial between the parties that for a considerable period prior to February 19th, 1926, and up to November 25th, 1929, the plaintiff was engaged in selling at wholesale plumbing and heating materials in the city of Waterbury. During this period, the defendant Giovanni Spallone was engaged in the plumbing and heating business in that city. Beginning in a small way, prior to 1926, the defendant purchased from the plaintiff materials and supplies, having an account not exceeding the approximate sum of $200. Thereafter, his account became larger; and by November 25th, 1929, he was owing to the plaintiff the sum of $1340.93. On that date, he conveyed by quitclaim deed his half interest in certain property in Waterbury owned by himself and his mother to the latter, Angiolina Spallone, who is the other defendant. The plaintiff claims that at the time of this conveyance, Giovanni was insolvent, and that the conveyance was made to his mother without consideration for the purpose of defrauding his creditors, and particularly the plaintiff. With the verdict were submitted to the jury some eight interrogatories, of which they answered six. Without setting out the interrogatories, which were carefully drawn and the answers to which dispose of the material issues in the case, it is important to note that the jury found in answer to the interrogatories that Angiolina Spallone gave Giovanni a valuable consideration for the conveyance in question; that he did not intend, by making the conveyance, to avoid any debt or duty to others and particularly to the plaintiff; and that the

conveyance was not fraudulent. The jury further found that Giovanni Spallone was not insolvent at the date of the conveyance; that the latter did not cause him to become insolvent; and that the insolvency did not continue to the time of the institution of the present action. To these latter findings of the jury, it is unnecessary to give particular concern because if the other findings (that the conveyance was not fraudulent and given for a valuable consideration, and with no intent to avoid any debt) are supported by the evidence, the action of the trial court in refusing to set aside the verdict was correct. From the evidence submitted, the jury might reasonably have found that the property in question was bought by money entirely furnished by Angiolina Spallone and title thereto taken in the name of herself and her son, Giovanni, on November 8th, 1919; that the purchase price of the property was $9050; that there were two mortgages thereon, a first mortgage of $4500, a second of $2700, and that the balance of the purchase price was paid, $1000 in cash, and the remainder by the giving back of a third mortgage for $925; that from the time of the purchase until Giovanni's half interest was deeded back to his mother on November 25th, 1929, she paid the interest on the prior mortgages, taxes and water bills out of her own funds; that during this entire period Giovanni occupied the tenement on the second floor and the total amount paid by him toward the expenses of the property did not exceed $500; and that Giovanni was indebted to his mother for bills paid upon the property and payments of interest and principal of the mortgage thereon much in excess of the amount which he had paid to his mother. At the time of the conveyance, he was indebted to his father, Domenic, in the sum of $1300 evidenced by a promissory note which had been assigned by Domenic to

Angiolina, and this note was surrendered by her to Giovanni as part of the consideration for the conveyance. The value of his interest at the time of the transfer was $1200; the encumbrances on the property at that time were in excess of $6000. The jury might reasonably have found further from the evidence that at the time of the conveyance of his interest to his mother by Giovanni, she did not know the details of his business affairs, and did not know that he was then indebted, or, if so, in what amount. The evidence before the jury was sufficient to justify their finding that Angiolina gave a valuable consideration for the conveyance, and that acceptance of the same by her was not for the purpose of defrauding Giovanni's creditors. A conveyance made to a party who takes the same in good faith and for valuable consideration is not fraudulent as to creditors. *Clarke* v. *Black,* 78 Conn. 467, 473, 62 Atl. 757; *Katz* v. *Richman,* 114 Conn. 165, 170, 158 Atl. 219; *Porter* v. *Adams,* 98 Conn. 349, 355, 119 Atl. 358. The court did not err in denying the motion to set aside the verdict.

Numerous errors are assigned to various parts of the charge, especially as to the burden of proof. The court charged the jury upon the subject as follows: "In this, as in every civil case, it is incumbent upon the party making the material allegations to prove that allegation by a fair preponderance of the evidence. By this is meant such weighing of it in your minds as may incline for or against the proposition advanced. If the party making the material allegation fails to prove it in your minds by such fair preponderance of the evidence, he has then failed to establish the allegation before you. If the scales weigh evenly in your mind, or if they incline against the party making the allegation, then that party has failed to establish it. Only if the scales incline in

favor of the allegation in your mind will the claimant upon such allegation have established it by a fair preponderance of the evidence. . . . In general, in a civil action, the party who asserts the proposition has placed upon himself the burden of proving it, and that is what is called the burden of proof. The plaintiff sets out certain allegations in his complaint, which are denied by the answer, and the law then says that the burden of proof rests upon the plaintiff to prove such allegations of his complaint as are in controversy. This means that he must produce to the jury evidence that overbalances and is weightier, in the opinion of the jury, than the evidence on the other side. In case the evidence is evenly balanced, the burden of proof would not of course have been met."

It is the claim of the plaintiff that the court, in thus instructing the jury, imposed upon the plaintiff a greater burden than that required by the law in an action of this character. This claim is without merit. In an action to set aside a conveyance on the ground of fraud, the general burden of proof rests upon the plaintiff as in any other civil action. *Fishel* v. *Motta,* 76 Conn. 197, 199, 56 Atl. 558. Moreover, in this case the conveyance, having been from a son to a mother, raises no legal presumption of lack of consideration. 27 C. J. 647; *Noyes* v. *Ross,* 23 Mont. 425, 59 Pac. 367, 47 L.R.A. 400, 404. On this subject, the court instructed the jury as follows: "Now, for the purpose of ascertaining whether or not a conveyance such as this is fraudulent, you should subject to rigorous scrutiny the conveyance of the son to his mother in passing on the question of consideration or the want of consideration. If the conveyance to the mother was to her knowledge made to avoid the plaintiff's debt, it was void as to the plaintiff. If made without any such purpose, but without consideration and when the son

was considerably indebted and insolvent, it was void as to the plaintiff. In the former case it would be void for the actual fraud participated in by the mother, and in the latter case for what is called, for want of a better name, constructive fraud. Such conveyances are regarded as valid as between the immediate parties to them, but void as to creditors. To assist you in your deliberations in determining whether or not the conveyance to the mother by the son of his interest in the premises was an honest and bona fide one, and not made solely as an attempt to conceal the assets of the son for the purpose of defeating creditors, you may consider all the conduct and actions of both the mother and son in respect to the possession, management and control of the premises, subsequent to the date of the conveyance of these premises. If you find from the evidence that the control and management of the premises and possession of the same subsequent to this conveyance remained in the identical manner as previous to the conveyance, that will be evidence for you to consider along with the other evidence on the claim that the conveyance was only colorable, and not real, as to the plaintiff and other creditors of the son." The court further instructed the jury: "Fraud is never to be presumed, but must be affirmatively established by the party alleging the same. And in this case the plaintiff must establish the existence of fraud by a preponderance of the evidence before you can find such a fact to have been established. And unless you are satisfied from the evidence that the plaintiff has proved the existence of fraud, as claimed, by any conveyance of property, then you must find for the defendants on the first count. While the law never presumes fraud, it may be, however, inferred from the facts and circumstances in the evidence where it is not directly proved." This instruction

was correct. *Morford* v. *Peck,* 46 Conn. 380, 384; *Bartholomew* v. *Derby Rubber Co.,* 69 Conn. 521, 531, 38 Atl. 45; *Frauenthal & Schwartz* v. *Bank of El Paso,* 170 Ark. 322, 280 S. W. 1001, 44 A.L.R. 871, 874. The charge of the court clearly and adequately presented to the jury the rules of law applicable to the issues in controversy, and we find no merit in any of the assignments of error based thereon. On the contrary, taking into consideration the clear and explicit interrogatories that were propounded to the jury for determination, we think the issues in the case were presented with commendable clearness and accuracy.

The defendant has asked for numerous corrections in the finding, apparently from a misconception of its purpose in a jury case. In the case of a jury trial, the finding is merely a narrative of the facts claimed to have been proven on either side, made for the purpose of fairly presenting any claimed errors in the charge or rulings of the court. It will not be corrected merely to secure a meticulous accuracy as to details in the claims of proof. *State* v. *Gargano,* 99 Conn. 103, 106, 121 Atl. 657. A finding in the case of a jury trial will be corrected only when it is reasonably necessary to fairly present a claimed error in law made by the court. *Brown* v. *Goodwin,* 110 Conn. 217, 218, 147 Atl. 673; *Doyle* v. *Reeves,* 112 Conn. 521, 528, 152 Atl. 882.

There is no error.

In this opinion the other judges concurred.