THE FAIRFIELD COUNTY TRUST COMPANY *v.*
JOHN C. MURPHY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-663-11394

Argued September 8, 1969—decided January 16, 1970

*Sidney Vogel,* of Norwalk, for the appellant (defendant).

*Lawrence P. Dennin, Jr.,* with whom, on the brief, was *Harry H. Hefferan, Jr.,* both of Norwalk, for the appellee (plaintiff).

CASALE, J. This is an action, commenced by writ and complaint dated February 14, 1966, on a promissory note for $5000, executed by Gerald F. Bean and endorsed by the defendant. Only the defendant is sued by the plaintiff, the holder of the note.

The answer denies all allegations of the complaint and pleads three special defenses. A demurrer directed to the three defenses was sustained only as to the second special defense. The remaining special defenses plead failure of consideration for the defendant's endorsement of the note in suit.

In its reply to the special defenses, the plaintiff pleads that it is a holder in due course and that failure of consideration is not a defense against a holder in due course; and, further, that the defendant was an accommodation endorser of the note and that no consideration moving to an accommodation party on a negotiable paper is necessary to support his contract. The reply is denied by the defendant.

The finding, which is not subject to any material change, is supported by the evidence and shows the following: Early in 1965, Gerald F. Bean was the

president of Fairport Rambler, Inc., an automobile agency. Bean approached the defendant for a loan of money; the defendant acceded to the request and gave Bean a check for $5000 dated February 18, 1965, which was drawn to the order of Fairport Rambler, Inc., hereinafter called Fairport. Bean gave a check drawn on his Fairport account, which he maintained with the plaintiff bank, to the defendant. That check was in the amount of $5000, was postdated one week from February 15, 1965, and was intended to repay the defendant for his $5000 loan. The defendant deposited Fairport's $5000 check in his account with the City Trust Company, and on February 26, 1965, the check was dishonored by the plaintiff because of "insufficient funds." Bean then gave the defendant two $2500 checks to replace the $5000 one, but these were not paid either. Thereafter, on April 14, 1965, to repay the defendant for his $5000 loan, Bean executed a promissory note, payable to the defendant in the amount of $5000, for the term of ninety days, with interest at 6 percent per annum. A day or two later, the defendant discounted this note with the plaintiff, and the plaintiff paid $5000 to the defendant. At the end of the term of the note dated April 14, 1965, it was renewed by Bean and the defendant by a note dated July 13, 1965, in the principal amount of $5000, for the term of ninety days at 6 percent interest, signed by Bean, payable to the plaintiff, and endorsed and guaranteed by the defendant. It is this note which is the subject of this action. Following the execution of the note dated July 13, 1965, no payments of principal or interest were made to the plaintiff.

Upon the trial, after the plaintiff had rested, and during the defendant's case, the defendant moved for a mistrial following adverse rulings on evidence. The court denied the motion and the defendant excepted. The defendant thereupon moved that the

case be continued to August 20, 1968, so that he could amend his pleadings. On August 16, the defendant filed a motion for permission to file an amended answer and cross complaint. This motion was denied by the court on August 21, 1968. Subsequently, by agreement of the parties, the case was scheduled for completion on October 24, 1968. Neither the defendant nor his counsel appeared to resume the trial, nor did they notify the court they would not appear. The plaintiff thereupon moved the court that judgment be entered for the plaintiff in accordance with its affidavit of debt. The court then rendered judgment for the plaintiff to recover of the defendant $5000, with interest of $911.25, an attorney's fee of $850, and the taxable costs.

The defendant assigns error in rulings on evidence, in the court's refusal to strike conclusions claimed not to be supported by evidence, in reaching other conclusions, and in denying the defendant's motions for mistrial and leave to amend the answer.

The defendant's first assignment of error deals with several rulings on evidence. The defendant has failed to comply with the requirements of Practice Book § 989 (4). "In the absence of an exhibit setting forth the question, the objection, the answer, if any, and the exception, we cannot determine what the ruling was and whether it was erroneous." *Fairfield County Trust Co.* v. *Steinbrecher,* 5 Conn. Cir. Ct. 405, 410. Therefore this assignment will not be passed upon, except that two of the rulings will be discussed in the consideration of the denial of the defendant's motions for mistrial and to amend his answer.

The defendant sought to question the assistant treasurer of the plaintiff concerning his knowledge of, and interest in, the receipts and expenses of

Fairport. The plaintiff objected that this line of examination was not within the scope of the special defenses pleaded by the defendant. The defendant urged that the inquiry was relevant on the first special defense that there were sufficient funds in the Fairport account on deposit in the plaintiff bank to honor Fairport's two checks totaling $5000. The court sustained the plaintiff's objection, and the defendant excepted.

The court was correct in ruling as it did. The defendant's attempted inquiry into the receipts and disbursements of Fairport was not relevant to the question whether there were sufficient funds on deposit in the Fairport account on which those checks were drawn when they were presented for payment.

In further examination of the assistant treasurer of the plaintiff, the defendant developed that in March and April, 1965, Fairport maintained a checking account with the plaintiff on which only Bean was authorized to sign checks. The defendant then asked whether there were other accounts in the plaintiff bank containing funds of Fairport, and when the witness answered in the affirmative the defendant asked how many accounts there were. The plaintiff objected, and the defendant's counsel, in taking an exception, stated: "Under the circumstances, if that is the case, I think I should formally move for a mistrial. I can't go forward under the circumstances with my evidence blocked. What I apparently have to do is to completely rewrite these pleadings. I am that much prejudiced." The court denied the defendant's motion for mistrial, and the defendant took an exception.

The court was correct in ruling as it did on the question of how many accounts were held by Fairport in the plaintiff bank. In his first special de-

fense, the defendant pleaded that "there were sufficient funds in the said Fairport Rambler, Inc. account on deposit in the plaintiff's bank . . . ." This could have reference only to the checking account on which the two checks totaling $5000 were drawn. How many other accounts Fairport had in the bank, or how much was on deposit in those other accounts, was irrelevant and immaterial.

The defendant's motion for mistrial rested on the rulings of the court discussed above. The trial court has a wide discretion in passing on a motion for mistrial. "The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated." *Ferino* v. *Palmer,* 133 Conn. 463, 466. The term mistrial "is not ordinarily used to indicate a mere erroneous ruling of law, but generally is used to specify such fundamental errors in a trial as to vitiate the result." 58 C.J.S. 833, Mistrial. The court acted properly in denying the motion for mistrial.

The defendant assigns as error the trial court's denial of his motion to amend his answer after the trial had commenced. The pleadings were closed on December 29, 1966, more than one and one-half years before the trial. The file indicates that trial of the case was delayed three or four times at the request of the defendant. The trial finally began August 6, 1968. The plaintiff put on its case and rested. The defendant then proceeded with his case and called two officers of the plaintiff to the witness stand as well as offering his own testimony. Following the denial of the motion for mistrial, the defendant moved for leave to amend his answer. The proposed amended answer contains three special defenses pleading new matters, among which

are allegations that Fairport had other accounts in the plaintiff bank in which there were sufficient funds to satisfy the defendant's checks; that at the time of the issuance of those checks by Fairport the plaintiff was treating Fairport's funds as though they were its own, and that the plaintiff unjustly enriched itself in that it had appropriated Fairport's funds to its own use. The cross complaint demands that the two $2500 checks be paid by the plaintiff from funds of Fairport appropriated by it, and that "the same be applied in payment of the note in suit."

After the trial has begun, it is within the discretion of the trial court whether or not to permit an amendment. *Smith* v. *New Haven,* 144 Conn. 126. The factors the trial court should consider after trial has begun are the usual factors of unreasonable delay, fairness to the opposing party, and negligence of the moving party. *Antonofsky* v. *Goldberg,* 144 Conn. 594. Allowance by the trial court of the proposed amended answer and cross complaint would have injected into the case new issues requiring evidence different in character from the evidence required to meet the issues already in the case. *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 156. The trial court was correct in refusing to allow the filing of the amended answer.

The remaining assignments of error attack five of the twelve conclusions reached by the court. Our examination of the conclusions reached by the court indicates that they were legally, logically and reasonably supported by the subordinate facts found. *Porter* v. *Adams,* 98 Conn. 349, 352. The trial court properly found all issues for the plaintiff.

There is no error.

In this opinion DiCenzo and Jacobs, Js., concurred.